## SUPREME COURT.

### In the Matter of UNION AVENUE.

*Commissioners to ascertain damages and assess the same — When the court will not interfere with their findings and conclusions.*

The court should not, unless there be a palpable and manifest error committed, interfere with the findings and conclusions of a commission duly appointed by the court to ascertain the damages to the owners of property taken for the widening of a street or avenue, and to assess and apportion the same.

The report considered and the objections commented upon and reasons given for the confirmation of the report.

*Special Term, May,* 1880.

MOTION to confirm the report of commissioners on the widening of Union avenue.

*George C. Preston* and *Seymour L. Stebbins,* for motion.

*A. T. Clearwater, E. S. Wood, C. R. N. Champlin* and *M. Schoonmaker,* opposed.

WESTBROOK, J. — In conformity with section 94 of the charter of the city of Kingston a commission was duly appointed by this court, composed of Henry C. Connelly, David Gill and Daniel Allen, to ascertain the damages to the

owners of property required for the widening of Union avenue, and to assess and apportion the same " on the real estate and against the persons benefited thereby." The report of the commission is now before the court for confirmation, and to it'objections are made by some of the owners of property proposed to be taken on the ground that the sums allowed them are insufficient, and, also, by persons residing at the upper end of the avenue who claim that their property is erroneously assessed, and that property located upon other streets in the vicinity of the improvement should also be assessed. The general rule is well settled that the court should not, unless there be a palpable and manifest error committed, interfere with the findings and conclusions of a commission of this character. The men comprising the present one were selected with great care, and all parties had in them the fullest confidence. The duty they were called upon to discharge was entirely a matter of opinion and judgment, upon which judgments and opinions will be as many as the number of persons called upon to give them. By the section of the charter before referred to they were ·required to " view the premises and, in their discretion, receive any legal evidence." This language shows that they have full power to rely upon their own sight and judgment; and though they have the right to receive, as they did receive, evidence, still they have to act largely upon their own judgments. A careful consideration of the claims of the several persons who insist that the damages awarded to them are insufficient induces me not to disturb the report in any of those instances. Very likely, if the questions had been before me originally, I might have differed with the gentlemen who have made the estimates, but where so much depends on opinion it would be unsafe and improper to reverse their conclusions.

It is claimed, however, that the commissioners have committed errors of law, and these alleged errors will next be examined :

First. It is said that property upon other streets should

have been assessed to make the improvement. This, I apprehend, is not an error of law but of fact, if there be any. The charter (*see section* 94) required the commissioners to "assess and apportion the said damages, if any, of such improvement on the real estate and against the persons benefited thereby, as nearly as may be, in proportion to the benefit resulting therefrom." It was for them to say who were and who were not benefited by the improvement; and as they have determined that the property on the street improved should defray the cost thereof, and as such cost has been graded on all property upon the street according to the distance from the spot of the improvement, I see no cause for interfering with the report in that particular.

Second. It is urged that evidence tending to show that part of the property proposed to be taken was within the bounds of the street was improperly rejected. This objection, also, has no force. It was not the province of the commission to determine the original bounds of the street, but only to ascertain the damages to be sustained by the alleged owner of specific property proposed to be taken. It was for the common council to determine what property might be properly claimed as belonging to the street; and when it had decided that certain premises needed for widening an avenue were not within its limits, and on the faith thereof applied for a commission to ascertain the damages which the alleged owners would sustain if taken, and such commission is organized only for that purpose, it certainly was powerless to adjudicate any other question, and especially one which would have directly conflicted with the inquiry to which it was expressly limited.

These general views, hastily penned, though adopted after careful thought, indicate my reasons for confirming the report, without any detailed discussion of each objection.